MICHAEL L. FRADIN (0091739)
mike@fradinlaw.com
LAW OFFICE OF MICHAEL L. FRADIN
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847/986-5889
Facsimile: 847/673-1228

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | |
|---|---|
| Hope Klaus<br>37 Natasha Dr.<br>Noblesville, IN 46062<br><br>*On behalf of herself and all others similarly situated*<br><br>            Plaintiff,<br><br>   v.<br><br>Fidelity National Information Services, Inc.<br>c/o CT Corporation System<br>4400 Easton Cmns Way, Ste. 125<br>Columbus, OH 43219<br><br>and<br><br>Worldpay, LLC<br>c/o CT Corporation System<br>4400 Easton Cmns Way, Ste. 125<br>Columbus, OH 43219<br><br>and<br><br>Worldpay, Inc.<br>c/o CT Corporation System<br>4400 Easton Cmns Way, Ste. 125<br>Columbus, OH 43219<br><br>            Defendants. | Case No. 1:21-cv-00514<br><br>Judge<br><br>Magistrate Judge<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. **The Fair Labor Standards Act (29 U.S.C. §§ 201-219);**<br>2. **FRCP 23 Class Action (State Law Claims):**<br>   a. **Article II, § 34a of the Ohio Constitution;**<br>   b. **Ohio Revised Code Chapter 4111: Ohio Minimum Fair Wage Standards Act.**<br><br>**DEMAND FOR JURY TRIAL** |

Now comes Plaintiff, Hope Klaus, by and through her undersigned counsel, The Lazzaro Law Firm, LLC and Michael L. Fradin, and for her Complaint against Defendants, Fidelity National Information Services, Inc., Worldpay, LLC, and Worldpay, Inc., and states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendants' practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of Article II, § 34A of the Ohio Constitution and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA and Ohio Constitutional claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff has been a citizen of the United States and a resident of Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29

U.S.C. § 203(e) and R.C. 4111.03(D)(3).

7. Defendant Fidelity National Information Services, Inc. (FIS) is a corporation for profit with a principal place of business in Jacksonville, Florida.

8. Defendant Worldpay, LLC is a limited liability company for profit with a principal place of business in Symmes Township, Ohio. Upon information and belief, Defendant Worldpay, LLC was acquired by Defendant FIS in or around June, 2019. However, Defendant Worldpay, LLC is an ongoing concern.

9. Defendant Worldpay, Inc. is a corporation for profit with a principal place of business in Cincinnati, Ohio.

10. Defendant Worldpay, Inc. was formerly known as Vantiv.

11. Upon information and belief, Defendant Worldpay, Inc. was acquired by Defendant FIS in or around June, 2019. However, Defendant Worldpay, Inc. is an ongoing concern.

12. At times relevant herein, Defendants conducted business in Ohio, as well as across the Country.

13. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d) and R.C. 4111.03(D)(2).

14. At all times relevant herein, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

15. At all times relevant herein, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

16. At all times relevant herein, Defendants performed related activities through unified operation and common control for a common business purpose, and thus operated as a single enterprise within the meaning of 29 U.S.C. § 203(r)(1). At all times relevant herein,

Defendants were joint employers within the meaning of 29 U.S.C. § 207 and 29 C.F.R. § 791.2.

17. At all times relevant herein, Plaintiff and the putative class members were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

18. Plaintiff's consent is attached as exhibit A. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

19. Defendants operate call centers that employ customer service representatives/call center agents (hereinafter "representatives").

20. Defendants also employ representatives who work remotely and perform the same tasks as representatives who work at call centers.

21. Plaintiff was employed by Worldpay, LLC and Worldpay, Inc. (collectively "Worldpay") at their Mason, Ohio customer service call center from about February, 2017 – December, 2018.

22. Defendant FIS acquired Worldpay in or around June, 2019. Upon acquiring Worldpay, Defendant FIS continued, and continues, to employ representatives at customer service call centers, representatives who work remotely, and similarly-situated employees who performed similar tasks as customer service representatives.

23. Plaintiff and other similarly-situated employees were employed as customer service representatives and/or performed similar tasks as customer service representatives.

24. Plaintiff and other similarly-situated employees are non-exempt employees under the FLSA.

25. Plaintiff and other similarly-situated employees are paid an hourly wage.

4

26. Plaintiff and other similarly-situated employees frequently worked more than 40 hours per week.

### (Failure to Pay for Time Spent Starting and Logging Into Computer Systems, Applications, and Phone System)

27. Plaintiff and other similarly-situated employees were required by Defendants to perform unpaid work before clocking in each day, including but not limited to starting and logging into Defendant's computer systems, numerous software applications, and phone system.

28. Defendants arbitrarily failed to count this work performed by Plaintiff and other similarly-situated employees as "hours worked."

29. Plaintiff and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

30. This unpaid work performed by Plaintiff and other similarly-situated employees was practically ascertainable to Defendants.

31. There is no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly-situated employees. Defendants could precisely record this work for payroll purposes simply by allowing Plaintiff and other similarly-situated employees to clock in and be paid before they started and logged into Defendants' computer systems, applications, and phone system.

32. This unpaid work performed by Plaintiff and other similarly-situated employees constituted a part of their principal activities, was required by Defendants, and was performed for Defendants' benefit.

33. Moreover, this unpaid work is an integral and indispensable part of other principal activities performed by Plaintiff and other similarly-situated employees. They cannot perform their work without bringing up Defendants' computer systems, applications, and phone system.

5

**(Failure to Pay for Time Spent on Post-Shift Calls, Shutting Down Computer Systems, Applications, and Phone System)**

34. Plaintiff and other similarly-situated employees were required by Defendants to perform unpaid work after their shift ended each day, including, but not limited to, making post-shift calls, and shutting down and logging out of Defendants' computer systems, numerous software applications, and phone system.

35. Defendants arbitrarily failed to count this work performed by Plaintiff and other similarly-situated employees as "hours worked."

36. Plaintiff and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

37. This unpaid work performed by Plaintiff and other similarly-situated employees was practically ascertainable to Defendants.

38. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly-situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock out after shutting down Defendants' computer systems, applications, and phone system and before and after other meetings and work time.

39. This unpaid work performed by Plaintiff and other similarly-situated employees constituted a part of their principal activities, was required by Defendants, and was performed for Defendants' benefit.

40. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiff and other similarly-situated employees.

**(Failure to Pay for Time Spent Working But Not Logged Into Computer Systems)**

41. Defendants utilized a timekeeping system such that Plaintiff and similarly situated employees are not paid for all hours worked.

6

42. Plaintiff and similarly situated employees are not compensated for the time spent working while not logged into call programs or any other time spent working to log into or out of the computer systems, applications, and/or phone system.

### (Failure to Pay Overtime Compensation)

43. As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

44. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### (Failure to Keep Accurate Records)

45. Defendants failed to make, keep, and preserve records of the unpaid work performed by Plaintiffs and other similarly-situated employees when not clocked in.

### COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

47. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current customer service representatives or persons with jobs performing substantially identical functions and/or duties to customer service representatives employed by Defendants during the statutory period covered by this Complaint.

48. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than 100 persons.

7

49. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

50. These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

51. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class (the "Ohio Class") defined as:

> All former and current customer service representatives or persons with jobs performing substantially identical functions and/or duties to customer service representatives employed by Defendants in the State of Ohio during the statutory period covered by this Complaint.

52. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 100 persons.

53. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

   (a) whether Defendants failed to pay overtime compensation to its customer representatives for hours worked in excess of 40 each workweek; and

   (b) what amount of monetary relief will compensate Plaintiff and other members

8

of the Class for Defendants' violation of R.C. 4111.03 and 4111.10 and Article II, § 34A of the Ohio Constitution.

54. The claims of the named Plaintiff is typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of the other Ohio Class members.

55. The named Plaintiff will fairly and adequately protect the interests of the Ohio Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

56. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

57. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

58. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 C.F.R.§ 785.24.

60. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees for all work performed each day violates the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 785.24.

61. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207.

62. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violates the FLSA, 29 C.F.R. 516.2(a)(7).

63. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

64. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

### COUNT TWO
### (Violations of Ohio Revised Code 4111.03 and Article II, § 34A of the Ohio Constitution)

65. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

66. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before clocking in each day violated the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution.

67. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees for work performed after their shift ended violated the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution.

68. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees for work performed when not logged into Defendants' computer systems, applications, and phone system violated the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution.

69. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution

70. By failing to pay Plaintiff and other similarly-situated employees' overtime compensation, Defendants willfully, knowingly, and/or recklessly violated the provisions of the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the classes she represents actual damages for unpaid wages;

D. Award Plaintiff and the Ohio Class compensatory damages;

D. Award Plaintiff and the classes she represents statutory liquidated damages;

E. Award Plaintiff and the classes she represents pre- and post-judgment interest at the

11

statutory rate;

  F. Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements; and

  G. Award Plaintiff and the classes she represents further and additional relief as this Court deems just and proper.

            Respectfully submitted,

            /s/ Alanna Klein Fischer
            Alanna Klein Fischer (0090986)
            Anthony J. Lazzaro (0077962)
            Lori M. Griffin (0085241)
            The Lazzaro Law Firm, LLC
            The Heritage Bldg., Suite 250
            34555 Chagrin Boulevard
            Moreland Hills, Ohio 44022
            Phone: 216-696-5000
            Facsimile: 216-696-7005
            lori@lazzarolawfirm.com
            anthony@lazzarolawfirm.com
            alanna@lazzarolawfirm.com

            Michael L. Fradin (0091739)
            Law Office of Michael L. Fradin
            8 N. Court St. Suite 403
            Athens, Ohio 45701
            Phone: 847-986-5889
            Facsimile: 847-673-1228
            mike@fradinlaw.com

            Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

            /s/ Alanna Klein Fischer
            Alanna Klein Fischer

            One of the Attorneys for Plaintiff